Approved: _____
RUA M. KELLY
Assistant United States Attorney

Before:  THE HONORABLE KEVIN N. FOX
United States Magistrate Judge
Southern District of New York

07 MAG 836

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :    COMPLAINT

            - v -                       :    Violation of
                                             21 U.S.C. § 846
JAVIER SANCHEZ,                         :
    a/k/a "Jacinto,"                         COUNTY OF OFFENSE
RUBIN PEREZ,                            :
    a/k/a "Ruben Perez," and                 NEW YORK
FRANK TEJEDA                            :

                            Defendants. :

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

ORVILLE GREENE, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

COUNT ONE

1.  On or about May 21, 2007, in the Southern District of New York and elsewhere, JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants, would and did distribute and possess with intent to distribute a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, a form commonly known as "crack" cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge, are, in part, as follows:

3. I am a Special Agent with the DEA, and I have been personally involved in the investigation of this matter. This affidavit is based on my personal knowledge as well as conversations with other law enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. I have participated in numerous investigations of unlawful narcotics trafficking and have conducted or participated in surveillance, undercover narcotics operations, the execution of search warrants, and review of controlled substances records. In addition, I have spoken with a confidential informant (the "CI")[1] in connection with JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants.

5. On or about May 17, 2007, at the direction of law enforcement agents, the CI called JAVIER SANCHEZ, a/k/a "Jacinto," the defendant. This call was consensually monitored and recorded. Based on my conversations with the CI and other law enforcement agents, as well as my training and experience, I know that SANCHEZ spoke with the CI about arranging a meeting to purchase crack cocaine at a price of $29 per gram.

6. On or about May 18, 2007, at the direction of law enforcement agents, the CI met JAVIER SANCHEZ, a/k/a "Jacinto," the defendant, in the vicinity of West 139th Street and Hamilton Place in Manhattan. At that time, the CI engaged in a conversation with SANCHEZ that was consensually recorded and monitored. During the conversation, SANCHEZ informed the CI that he would sell the CI crack cocaine at a price of $29 per gram. The CI agreed to purchase approximately 62 grams of crack cocaine from SANCHEZ at the agreed-upon price. SANCHEZ and the CI agreed to meet on Sunday, May 20, 2007 or Monday, May 21, 2007.

7. On or about May 20, 2007, at the direction of law enforcement agents, the CI spoke with JAVIER SANCHEZ, a/k/a

---

[1] Information provided by the CI in the past has been reliable and corroborated by other evidence.

"Jacinto," the defendant, over the telephone. During that conversation, the CI and SANCHEZ agreed that on Monday, May 21, 2007, the CI would meet SANCHEZ in the vicinity of West 139th Street and Hamilton Place in Manhattan, and that the CI would purchase approximately 100 grams of crack cocaine from SANCHEZ at the price of $28 per gram.

8. On or about May 21, 2007, at the direction of law enforcement agents, the CI met JAVIER SANCHEZ, a/k/a "Jacinto," and RUBIN PEREZ, a/k/a "Ruben Perez," the defendants, in the vicinity of West 139th Street and Hamilton Place in Manhattan. FRANK TEJEDA, the defendant, arrived at the scene a few minutes later. Based on my review of the consensual recordings of the conversations between the CI, SANCHEZ, PEREZ, and TEJEDA, my conversations with the CI and other law enforcement agents, and surveillance that I have conducted, I know the following happened on or about May 21, 2007:

a. The CI asked SANCHEZ if he had the 100 grams of crack cocaine. SANCHEZ indicated that he did, and made a telephone call in the presence of the CI. At that time, PEREZ also made a telephone call. After SANCHEZ and PEREZ completed their calls, SANCHEZ instructed PEREZ and TEJEDA to get the crack cocaine. PEREZ and TEJEDA then began walking southbound on Hamilton Place.

b. Approximately 10 minutes later, PEREZ and TEJEDA were observed walking northbound on Hamilton Place on opposite sides of the street. PEREZ was carrying a black plastic shopping bag. Once PEREZ and TEJEDA arrived in the vicinity of West 139th Street, TEJEDA remained on Hamilton Place, while PEREZ walked east on West 139th Street. PEREZ was then observed placing the shopping bag into a black garbage bag located on the southeast corner of West 139th Street.

c. After PEREZ was observed placing the shopping bag into the black garbage bag, SANCHEZ, PEREZ and TEJEDA were placed under arrest. At that time, I retrieved the black plastic shopping bag from the garbage bag. The plastic shopping bag contained a Ziploc bag inside a brown paper bag with a rubber band around it. The Ziploc bag contained a yellow-colored substance that appeared to be cocaine base. I performed a field test on the substance found in the Ziploc bag. That substance tested positive for the presence of cocaine. The total weight of the cocaine base was approximately 117 grams.

   WHEREFORE, deponent prays that JAVIER SANCHEZ, a/k/a "Jacinto,", RUBIN PEREZ, and FRANK TEJEDA, the defendants, be imprisoned, or bailed, as the case may be.

_____
ORVILLE GREENE
Special Agent
Drug Enforcement Administration

Sworn to before me this
22nd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

**HON. KEVIN NATHANIEL FOX**
United States Magistrate Judge
Southern District of New York

4