UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA            :

        - v -                       :       07 CR. 502 (VM)

FRANK TEJADA      ,                 :

                Defendant.          :

-----------------------------------X

## DEFENDANT FRANK TEJADA'S
## PROPOSED VOIR DIRE QUESTIONS

LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
    **FRANK TEJADA**
52 Duane Street - 10th Floor
New York, New York  10007
Tel.: (212) 417-8722

**JENNIFER BROWN, ESQ.**
    Of Counsel

TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007

      Attn: **RUA KELLY, ESQ.**
           Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA          :

        - v -                     :         07 CR 502 (VM)

FRANK TEJADA,                     :

             Defendants.          :

-----------------------------------X
```

### DEFENDANT FRANK TEJADA'S
### PROPOSED VOIR DIRE QUESTIONS

The defendant, FRANK TEJADA, respectfully requests that the Court address the following areas, in addition to its customary questions, in its voir dire. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate.

## **QUESTIONS FOR THE JURORS AS A GROUP**

### **Presumption of Innocence**

1. Mr. Tejada is presumed innocent. He does not have to prove himself innocent. The Government must prove him guilty beyond a reasonable doubt. Would any juror have difficulty following that principle of law?

2. Mr. Tejada is presumed innocent not only at the outset of the trial, but he retains that presumption of innocence all throughout the trial and even into the jury deliberation room unless the Government proves him guilty beyond a reasonable doubt. Would any juror have difficulty following that principle of law?

3. Does anyone feel that just because Mr. Tejada has been arrested and indicted he must have done something wrong?

4. The indictment against Mr. Tejada is proof of nothing. The grand jury which indicted Mr. Tejada has heard only one side of the case. The indictment is not evidence and you must not consider it in any way against Mr. Tejada. Would any juror have difficulty following that principle of law?

5. Does anyone have an opinion as to Mr. Tejada's guilt or innocence at this moment?

**Burden of Proof**

6. Would any juror have difficulty following the Court's instruction that Mr. Tejada does not have to prove himself innocent?

7. Mr. Tejada has already pled not guilty to this charge. Does any juror feel that he or she could not be impartial unless he or she heard from Mr. Tejada himself, that he or she must hear "both sides of the story" before deciding?

8. Would any juror have difficulty following the Court's instruction that Mr. Tejada has a constitutional right not to testify in this case and that if he does not testify it cannot be held against him?

**Experience with the Justice System**

9. Has any juror (or any juror's close friend or relative) ever been involved in a criminal case, either as a victim, defendant, witness, or in any other capacity? If your answer is "yes", please explain.

10. Has any juror (or any juror's close friend or relative) ever been the victim of or witness to any crime? If so, did the juror go, or accompany his friend or family member, to any police or other law enforcement office in connection with that crime?

**Ties to Law Enforcement**

11.  Does any juror or any member of his or her family (or close friend) have any relationship or friendship with any city, state or federal law enforcement officer?  If so, what is the nature and extent of that relationship?

12.  Has any juror or any member of his or her family (or close friend) ever been employed by any law enforcement agency, such as:  the New York City police department, the department of corrections, F.B.I., I.R.S., D.E.A. Customs Service, A.T.F., U.S. Marshal, District Attorney, U.S. Attorney, Postal Inspection Service, Department of Justice, Probation or Parole, Bureau of Prisons or any other such agency?  If yes, which agencies?

13.  Would any juror attach greater weight to the testimony of a witness because he or she happens to be a Government employee or law enforcement agent?

14.  Would any juror attach greater weight to the testimony of a witness just because that witness was offered by the Government?

15.  Has any juror ever served in the military? If yes, please explain which branch, how long you served an in what capaci

4

**Nature of the Charge**

16. This Government has charged Mr. Tejada with conspiracy to sell crack cocaine to a confidential government informant. I remind you that the Mr. Tejada is presumed to be innocent, and the fact that he has been charged is not evidence of any wrongdoing on his part. Nevertheless, does any juror have any feelings regarding this type of offense that would affect his or her ability to be fair and impartial?

17. Has any juror or any juror's close friend or relative had an experience with drugs that would make it difficult to be a juror in a case of this type?

18. Does any juror have an opinion about the Government's use of informants that would affect your ability to be juror in a case of this type?

19. The fact that Mr. Tejada has been charged along with two other people may not affect your decision in any way. You must consider the evidence against each defendant separately. Will any juror have difficulty weighing the evidence against each defendant separately and independently?

**USE OF INTERPRETERS**

20.    Mr. Tejada is following these proceedings with the assistance of a Spanish interpreter.  Does Mr. Tejada's use of an interpreter affect any juror's ability to be fair and impartial in this case?

**General Ability to Serve**

21.    Will any juror have any hesitation in finding Mr. Tejada not guilty if his guilt is not established beyond a reasonable doubt? Do you understand that if the government does not prove Mr. Tejada guilty beyond a reasonable doubt that you must find him not guilty?

22.    Is there any reason at all, religious, ethical, personal why anyone on the panel should not be a juror for this case?

## **QUESTIONS FOR INDIVIDUAL JURORS**

1. Have you or any family member had an experience with drugs or drug use that you feel might have an impact on your ability to serve as a juror in this case?

2. Do you have an opinion about the use of informants that would impact in any way your ability to serve as a juror in this case?

3. Do you understand that the evidence against Mr. Tejada must be considered separately from anyone else charged in this case?

4. What magazines or newspapers do you subscribe to or read regularly?

5. What are your favorite television shows?

6. Do you belong to any associations, organizations or civic clubs? If "yes", which ones?

7. What is the name of the public figure you most admire? Please explain.

Dated:   New York, New York
         October 15, 2007

                                        Respectfully Submitted,

                                        LEONARD F. JOY, ESQ.
                                        Federal Defender

                              By:       _____
                                        JENNIFER BROWN, ESQ..
                                        Federal Defenders of New York
                                        Attorneys for Defendant
                                        **Frank Tejada**
                                        52 Duane Street - 10th Floor
                                        New York, New York 10007
                                        Tel.: (212) 417-8722


TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn: **Rua Kelly, ESQ.**
            Assistant United States Attorney