```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA              :

            - v -                     :    07 CR 502 (VM)

FRANK TEJADA,                         :

            Defendant.                :

------------------------------------X
```

**DEFENDANT FRANK TEJADA'S**
**REQUESTS TO CHARGE AND OBJECTIONS**
**TO THE GOVERNMENT'S REQUESTS TO CHARGE**

LEONARD F. JOY, ESQ.
Federal Defenders of New York
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8722

Attorney for Defendant
  **Frank Tejada**
  **JENNIFER BROWN, ESQ**

Of Counsel

TO:  **MICHAEL J. GARCIA, ESQ.**
     United States Attorney
     Southern District of New York
     One. St. Andrew's Plaza
     New York, New York 10007

     Attn: **RUA KELLY, ESQ.**
         Assistant United States Attorney

**<u>GENERAL INSTRUCTIONS</u>**

The defense respectfully requests that the Court give the pattern instructions with respect to the following matters:

a.  Functions of Court and Jury

b.  Indictment not Evidence

c.  Burden of Proof and Presumption of Innocence

d.  Witness Credibility

e.  Testimony of Law Enforcement Witness

f.  Right to See Exhibits and Have Testimony Read During Deliberations

g.  Requirement of Unanimity of Verdict

h.  Consider Each Defendant Separately

## **REQUEST NO. 1- DEFENDANT'S ELECTION TO TESTIFY**

### **(If Applicable)**

If Mr. Tejada testifies, the defense respectfully requests that the following charges be given:

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. Tejada is presumed innocent.

In this case, Mr. Tejada did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the Government to prove the charge beyond a reasonable doubt. Mr. Tejada did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any other witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case. I also remind you that Mr. Tejada's decision to testify does not in any way shift the burden of proof to him.

## **REQUEST NO. 1 - DEFENDANT'S ELECTION TO TESTIFY (Cont'd)**

### **(If Applicable)**

Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence and/or the lack of evidence presented, and then ask yourselves whether or not the prosecution has proven the charges contained in the indictment beyond a reasonable doubt.

[Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 7-4; see also Charge of Hon. Robert P. Patterson in United States v. Jose De La Cruz-Ramirez, 97 Cr. 711 (RPP)]

**REQUEST NO. 2 - DEFENDANT'S ELECTION NOT TO TESTIFY**

Mr. Tejada did not testify in this case. Under our Constitution he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial and never shifts to Mr. Tejada. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not attach any significance to Mr. Tejada's decision not to testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Tejada in any way in your deliberations in the jury room.

[Adapted from the charge of the Hon. John S. Martin in United States v. Flanagan, 95 Cr. 105 (JSM) (Tr. at 558 - 559) (quoting Wilson v. United States, 149 U.S. 60, 66 (1893)). See also Carter v. Kentucky, 450 U.S. 288, 300 n.15 (1981); Griffin v. California, 380 U.S. 609, 613 (1965); charge of the Hon. John S. Martin in United States v. Anosike, 94 Cr. 717 (JSM)]

5

**REQUEST NO. 3 - GOVERNMENT INFORMER**

There has been evidence introduced at trial that the government used an informer in this case. When an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises from the government which would motivate him to testify falsely against the defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct. If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 7-14.

**<u>REQUEST NO. 4 - ACCOMPLICE TESTIMONY</u>**

There has been evidence introduced at trial from a witness who testified that he was involved in the delivery of crack cocaine on May 21, 2007. This testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe  You should consider whether he received any benefits or promises from the government which would motivate him to testify falsely against the defendant. If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

Adapted from Sand et al, <u>Modern Federal Jury Instruction</u> 7-5.

**REQUEST NO. 5 - REASONABLE DOUBT**

I have said that the government must prove Mr. Tejada guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Tejada. Even if Mr. Tejada has presented evidence in his defense, it is not his burden to prove himself innocent. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and the lack of evidence, you are satisfied of Mr. Tejada's guilt beyond a reasonable doubt, you should vote to

convict.  On the other hand, if after fair and impartial consideration of all the evidence you have a reasonable doubt, it is your duty to acquit Mr. Tejada.  If the government has failed to meet its burden beyond a reasonable doubt, it is your duty to find  Mr. Tejada not guilty.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions, Instruction</u> 4-2.

**REQUEST NO. 6 - IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about Mr. Tejada's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction # 2-11.

If the Court is going to instruct the jury not to base its verdict on sympathy, the defense requests that the Court also tell the jury not to base its verdict on any feelings about the charges. Such language is included in the above instruction.

## **REQUEST NO. 7 - INVESTIGATIVE TECHNIQUES**

The defense is not asking for an instruction on law enforcement techniques, as it de-emphasizes the fact that it is proper for the jury to assess the lack of evidence in determining whether the government has sustained its burden.

In the event, however, that the Court determines such a charge is appropriate, we propose the following which is balanced and does not diminish arguments presented by either party:

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the Mr. Tejada is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Your concern, as I have said, is to determine whether, on the evidence or lack of evidence, the government has or has not proved Mr. Tejada's guilt beyond a reasonable doubt.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction # 4-4.

11

## REQUEST NO. 8   CONSPIRACY
## FIRST ELEMENT -- EXISTENCE OF THE AGREEMENT

The charge of conspiracy has two essential elements that the Government must prove beyond a reasonable doubt.

I will now discuss what the government must prove beyond a reasonable doubt to satisfy the first element of the conspiracy charge. To satisfy this element, the government must prove beyond a reasonable doubt that the conspiracy actually existed.

The government must prove that two or more persons entered into the unlawful agreement as charged in the indictment. To do this, the Government must prove that there was a mutual understanding between two or more persons to cooperate with each other to accomplish an unlawful act. A conspiracy is a partnership in crime.

Whether there is proof of such a deliberate agreement by the alleged members to engage in specified unlawful conduct should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a criminal conspiracy or unlawful agreement, as just explained, actually existed, you must acquit Mr. Tejada.

Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 19-4.

**Conspiracy: Second Element - Membership in the Conspiracy**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Mr. Tejada knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether Mr. Tejada knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

It has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. While proof of a financial interest in the outcome of a scheme is not essential, it is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before Mr. Tejada can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore,

is whether Mr. Tejada joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.

I want to caution you, however, that Mr. Tejada's mere presence at the scene of the alleged crime, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make Mr. Tejada member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I want to also caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that Mr. Tejada must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the government must prove beyond a reasonable doubt that Mr. Tejada, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering the illegal undertaking.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, 19-6.

**<u>DEFENSE OBJECTIONS TO THE GOVERNMENT'S REQUESTS TO CHARGE</u>**

Mr. Tejada notes the following objections to the Government's Requests to Charge:

1. Mr. Tejada objects to the last paragraph of Request No. 4. This additional language is unnecessary and confusing. Moreover, Congress' intent in passing the statute is not the jury's concern.

2. Mr. Tejada objects to paragraphs two, four, and six of Request No. 6. I ask that the language in Defense Request No. 8 be used instead.

3. Mr. Tejada objects to the first two full paragraphs on page 13 of Request No. 7. This language is essentially arguing the government's case and should not be endorsed by the Court. In the same request, on page 14, Mr. Tejada objects to the last paragraph as repetitive and unnecessary.

4. Mr. Tejada objects to paragraphs two, three and four, on page 17 and the last paragraph on page 18 of Request No. 8. I ask that the language in Defense Request No. 8 be used instead.

5. Mr. Tejada objects to the language in the first three paragraphs on page 28, and the last sentence of Request No. 16. Defense objects to any aiding and abetting charge being given. If the Court does give such a charge, I ask that the language from Model Jury Instruction 11-2 be given instead.

6. Mr. Tejada objects to Request No. 19. The Court has not yet ruled on Mr. Tejada's motion to preclude 404(b) evidence. Mr. Tejada strongly objects to the admission of the evidence for the reasons set forth in the Defense motion in limine dated October 15, 2007. I ask that the evidence not be admitted, making this instruction unnecessary.

7. Mr. Tejada objects to the language in Requests No. 20 and 21 and asks that the language in Defense Request No. 1 and 2 be used instead.

8. Mr. Tejada objects to the language in Request No. 22, in particular the first sentence of the second paragraph. I ask that the language from the model charge, 7-16, be used instead. Specifically, I ask the Court to include the language from the model charge which instructs that, "it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case."

9. Mr. Tejada objects to Request No. 25 as unnecessary in this case. If the Court does give the charge, I ask that the last paragraph be deleted.

10. Mr. Tejada objects to the language in the first two paragraphs of Request No. 26 as unnecessary in this case. The defense does not intend to argue that it is improper to use recorded conversations.

17

11.  Mr. Tejada objects to Request No. 27, and asks that Defense Request No. 3 be given instead.

12.  Mr. Tejada objects to Request No. 28. The defense does not intend to argue that the use of confidential informants is improper, and the instruction is therefore unnecessary.

13.  Mr. Tejada objects to Request No. 29. If the Court decides to give an instruction on this issue, I ask that the language in Defense Request No. 7 be used instead.

14.  Mr. Tejada objects to the last sentence of the fourth paragraph of Request No. 36, which misstates the jury's duty. The jury's sole duty is <u>to determine whether the government has proved all the elements of each offense beyond a reasonable doubt.</u> I object also to the last sentence of this same charge which places undue emphasis on sympathy as a factor in the jury's decision-making.

Dated:  New York, New York
        October 18, 2007

                        Respectfully Submitted,

                        LEONARD F. JOY, ESQ.
                        Federal Defenders of New York

By: _____
     **JENNIFER BROWN, Esq.**
     Attorney for Defendant
       **Frank Tejada**
     52 Duane Street - 10th Floor
     New York, New York 10007
     Tel.: (212) 417-8722