```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #:
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 10-23-07
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
        - against -                 :     07 Cr. 502 (VM)
                                    :
JAVIER SANCHEZ, et. al.             :     DECISION AND ORDER
                                    :
            Defendants.             :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Government filed a motion in limine seeking to introduce into evidence in the trial of this action the prior felony narcotics conviction of   defendant Frank Tejada ("Tejada") pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") to demonstrate that Tejada had the requisite intent and knowledge to participate in the charged conspiracy. Tejada opposes the Government's motion claiming that: (1) the evidence is not being raised for a proper purpose, as neither knowledge nor intent will be raised as a defense; (2) the evidence is not relevant because the prior conduct is insufficiently similar; and (3) any probative value of the evidence is outweighed by the danger of unfair prejudice.

The Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the bad character or criminal propensity of a person.  See Fed. R. Evid. 404(b).  Such evidence may, however, be admissible for other purposes, such as establishing intent or knowledge.  See id. Given Tejada's apparent defense that he was merely present on

the street corner where the drug transaction at issue occurred, but that he did not participate in it, knowledge and intent will certainly be at issue in the trial. See United States v. Pitre,  960 F.2d 1112, 1119 (2nd Cir. 1992) (no dispute that defendant was present at the arrest scene but an issue existed as to whether he knew, agreed, and conspired to possess with the intent to distribute).

The Court finds that the has Government fulfilled its obligation to identify "a similarity or some connection between the prior and current acts" in noting that Tejada's prior conviction involved cocaine and took place on the exact street corner as the drug transaction for which he is now charged. See United States v. Garcia, 291 F.3d 127, 137 (2nd Cir. 2002).  That Tejada's prior conviction occurred nine years ago is not sufficient by itself to preclude its use at trial if other relevant criteria are satisfied. See United States v. Tutino, 883 F.2d 1125, 1138-39 (2nd Cir. 1989) (allowing evidence of 10-year-old conviction and noting that 404(b) has no date requirement); see also, United States v. Pollack, 926 F.2d 1044, 1048 (11th Cir. 1991); United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) (admitting prior conviction over ten years old and citing approvingly to cases in other Circuits that have also done so).

Finally, as the prior conviction did not involve conduct any more sensational or disturbing than the crime for which

Tejada is charged, the Court finds that the introduction of prior conviction is not more prejudicial than probative.  See Pitre,  960 F.2d 1112 at 1120.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion in limine of the Government to admit a prior felony narcotics conviction of defendant Frank Tejada at the trial of this action is GRANTED.

**SO ORDERED.**

Dated:    New York, New York
          23 October 2007

Victor Marrero
U.S.D.J.