```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
UNITED STATES OF AMERICA            :
                                    :   07 Cr. 502 (VM)
     - against -                    :
                                    :
FRANK TEJEDA,                       :   DECISION AND ORDER
                                    :
               Defendant.           :
                                    :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On February 19, 2008, the defendant moved this Court for a for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The Court ruled on this motion on the record on March 28, 2008.

For the reasons stated on the record of the Court's proceeding on March 28, 2008, the relevant excerpts of which have been attached hereto and are incorporated herein, it is hereby

**ORDERED** that the motion of defendant Frank Tejeda for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure is DENIED.

**SO ORDERED.**

Dated:     New York, New York
           28 March 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-08

_____
           Victor Marrero
              U.S.D.J.

1

<u>United States of America v. Frank Tejeda</u>

No. 07 Cr. 502

**Statement by the Court Regarding Defendant's Rule 33 Motion for a New Trial**

March 28, 2008

On February 19, 2008, following the trial of this matter, counsel for defendant Frank Tejeda ("Tejeda") moved this Court for a new trial based on newly-discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Tejeda contends that newly-discovered evidence demonstrates that co-defendant Ruben Perez ("Perez") committed perjury in his testimony as a witness in Tejeda's trial. The evidence Tejeda relies on consists of: (1) a document produced by the Metropolitan Detention Center (the "MDC") pursuant to a subpoena, which explains why Perez was placed into and released from protective custody and (2) an allegedly exculpatory statement by co-defendant Javier Sanchez ("Sanchez"), who pleaded guilty to conspiring with Perez.

A new trial pursuant to Rule 33 based on newly discovered evidence may be granted "only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal." <u>United States v. Owen</u>, 500 F.3d 83, 87 (2d Cir.

-1-

2007) (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980).

With regard to the subpoenaed records, the Court holds that: (1) the MDC document does not demonstrate Perez's perjury, but rather simply points to his confusion or to the prison officials' misunderstanding regarding the protective custody forms; (2) the document was not "newly-discovered" as the issue of Perez's conduct in prison had previously been raised before and during trial, and could have been subpoenaed then; and (3) given that the document fails to prove any contradiction with Perez's trial testimony, it cannot be said that the admission of the evidence would probably lead to an acquittal of Tejeda.

With regard to the statement by Sanchez, the Second Circuit clearly stated in Owen that District Courts may not grant new trials pursuant to Rule 33 based on exculpatory statements by co-defendants who did not testify at trial if the defendant was aware that the co-defendant could provide exculpatory testimony. The Second Circuit held that such evidence was not "newly-discovered," but rather was only "newly available." Additionally, given the contradictions between Sanchez's statement and the evidence introduced at trial, the Court finds that the jury's verdict would not have been different had Sanchez's statement been presented at

trial.

Accordingly, defendant Tejeda's motion for a new trial pursuant to Rule 33 is DENIED.