**Federal Defenders**
**OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

April 18, 2008

**BY HAND DELIVERY and FAX**

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **United States v. Sanchez, Perez and Tejeda**
    **07 CR 502 (VM)**

Dear Judge Marrero:

I write again, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, to request a new trial on behalf of Mr. Tejeda. A new trial is necessary in this case to prevent a miscarriage of justice - to prevent the conviction of an innocent man, based on the unreliable testimony of Ruben Perez. If the Court does not grant a new trial, I ask the Court to impose a sentence of no more than ten years in this case.

**The full extent of Mr. Perez's mental illness was not disclosed to the jury at trial.**

Mr. Perez was the key prosecution witness against Mr. Tejeda at trial. Although the jury was made aware that Mr. Perez had tried to commit suicide while in prison, no other psychiatric records or expert testimony relating to Mr. Perez's mental condition was presented at trial.

Mr. Tejeda is currently incarcerated at the MCC. He has been informed by numerous inmates that Mr. Perez, who is also

Honorable Victor Marrero                                                       April 18, 2008
United States District Judge                                         Page 2
Southern District of New York

Re: **United States v. Sanchez, Perez and Tejeda**
    **07 CR 502 (VM)**

incarcerated at the MCC, has been receiving extensive mental health treatment during the past several months. In addition, he has been informed by several inmates that Mr. Perez exhibits strange behaviors indicating a severe mental illness.

In light of these recent revelations, defense counsel attempted to subpoena the complete medical records of Mr. Perez from the MCC. To date, the MCC has not responded to my subpoena. At this time, I ask that the Court order the disclosure of Mr. Perez's psychiatric records and request an evidentiary hearing to determine if Mr. Perez was suffering from a severe mental illness at the time of his testimony in this case.

Evidence that Mr. Perez was suffering from a severe mental illness at the time of his testimony is material information that is likely to have resulted in acquittal for Mr. Tejeda. It would violate Mr. Tejeda's right to due process of law if his conviction were allowed to stand based on nothing more than the tainted and unreliable testimony offered by Mr. Perez. For this reason, the Court should grant a new trial, or in the alternative, hold an evidentiary hearing to determine the full extent of Mr. Perez's mental illness at the time of his trial testimony.

**The Court should impose a sentence of no more than ten years because the filing of the prior felony information in this case is an unconstitutional burden on Mr. Tejeda's Sixth Amendment right to a trial by jury.**

At the last sentencing hearing, in response to a question from the Court, the Government offered a chronology of plea negotiations in this case. While defense counsel does not dispute the chronology offered by the government, it is important for the Court to be aware that Mr. Tejeda has always maintained his innocence and continues to maintain his innocence at this time.

Honorable Victor Marrero                                April 18, 2008
United States District Judge                            Page 3
Southern District of New York

**Re: <u>United States v. Sanchez, Perez and Tejeda</u>**
      **07 CR 502 (VM)**

    While it is true that after the Court's adverse ruling on the 404(b) evidence in this case, defense counsel requested a plea offer from the government, the decision to request such an offer was entirely counsel's and not Mr. Tejeda's. Because the 404(b) evidence was so prejudicial, I had the concern that the jurors would be unable to render a fair verdict, despite Mr. Tejeda's innocence, and thus requestd a plea offer from the Government. It is important for the record to be clear that at no time did Mr. Tejeda express a desire to plead guilty because he has always maintained and continues to maintain his innocence.

    After the last hearing in this case, based in large part on the Court's expressed qualms that a sentence of twenty years might lead to a "potentially unjust" result in this case, I again requested that the Government consider withdrawing the prior felony information in this case. I was informed yesterday that the Government again declined my request. One of the primary factors cited by the Government in its refusal to withdraw the prior felony information was Mr. Tejeda's refusal to accept several "reasonable" plea offers and his present refusal to give up his right to appeal his conviction.

    The plea offers obviously were not "reasonable" to Mr. Tejeda who at all times has maintained his innocence. Consistent with this position, Mr. Tejeda is unwilling to give up his right to appeal his conviction. It is Mr. Tejeda's fervent last hope that the Second Circuit will recognize that he has been unjustly convicted.

    A penalty of an additional ten years merely for the exercise of Mr. Tejeda's Sixth Amendment right to a trial by jury is an unconstitutinoal burden on that right. If the Court again denies Mr. Tejeda's request for a new trial, I ask the Court to impose a

Honorable Victor Marrero　　　　　　　　　　　　　　April 18, 2008
United States District Judge　　　　　　　　　　　　　　　　　Page 4
Southern District of New York

Re:  **United States v. Sanchez, Perez and Tejeda**
     **07 CR 502 (VM)**

sentence no greater than ten years in this case, to mitigate what the Court itself recognized is a "potentially unjust" result.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**Jennifer Brown**
　　　　　　　　　　　　　　　　Attorney for **Frank Tejeda**
　　　　　　　　　　　　　　　　Tel. (212) 417-8722

cc:  Rua Kelly, Esq.
     Assistant United States Attorney
     Southern District of New York

     Frank Tejeda, MCC